# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND HARRIS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 17-2874 |
| THE PHILADELPHIA PROTECTORY | : | |
| FOR BOYS, *doing business as* | : | |
| ST. GABRIEL'S SYSTEM, ET AL., | : | |
| Defendants. | : | |

**McHUGH, J.**                                                                 **MARCH 1, 2018**

## MEMORANDUM

This case involves allegations of physical and sexual abuse committed against Plaintiff Raymond Harris when he was confined to a juvenile detention facility. The facility in question was run by a Catholic religious order in affiliation with the Archdiocese of Philadelphia. The abuse is alleged to have occurred starting in 1967 and ending sometime in 1969. As a threshold matter, all defendants have moved to dismiss on the ground that any potentially applicable statute of limitations has expired. Because Plaintiff has not advanced any legally cognizable basis on which to toll the statute of limitations, the pending motions to dismiss must be granted.

Although technically the statute of limitations defense constitutes an affirmative defense that must be raised by answer, pursuant to decisions from the Third Circuit, "a district court may grant a motion under Rule 12(b)(6) raising a limitations defense if 'the face of the complaint' demonstrates that the plaintiff's claims are untimely." *Stephens v. Clash*, 796 F.3d 281, 288 (3d Cir. 2015); *see also Robinson v. Johnson,* 313 F.3d 128, 135 (3d Cir. 2002). This is a case where Plaintiff's Complaint clearly sets forth the relevant timeframe which exceeds the statute of limitations, and so the question is whether the plaintiff can set forth a basis for tolling the statute.

1

Plaintiff originally brought this case pursuant to this court's diversity jurisdiction, but subsequently amended the Complaint to raise federal civil rights claims under Sections 1983 and 1985. As discussed below, Plaintiff's attempt to assert independent claims under federal law does not alter the analysis as to timeliness.

Focusing first on the state law claims, the underlying principles of *Dalrymple v. Brown*, 549 Pa. 217, 701 A.2d 164 (1997) are pivotal. Plaintiff there contended that she had suffered sexual abuse as a child, but did not recover a memory of the events until approximately 20 years later. In affirming dismissal of the case pursuant to the statute of limitations, the Pennsylvania Supreme Court held that under Pennsylvania law, although the discovery rule is equitable in nature,[1] the test for its application is an objective one which cannot depend on any characteristic that is unique to an individual plaintiff. In reaching that result, the Court specifically held that Pennsylvania will not recognize the "repressed memory" doctrine for claims involving sexual abuse.

Since *Dalrymple*, Pennsylvania's intermediate appellate courts have rigidly applied its rule in a variety of factual settings. *See Delaney v. Archdiocese of Philadelphia.*, 924 A.2d 659, 661 (Pa. Super. 2007); *Vojtasek v. Diocese of Allentown*, 916 A.2d 637, 639 (Pa. Super. 2006); *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1275 (Pa. Super. 2005); *Baselice v. Franciscan Friars Assumption BVM Province, Inc.*, 879 A.2d 270, 275 (Pa. Super. 2005); *Meehan v. Archdiocese of Philadelphia*, 870 A.2d 912, 919 (Pa. Super. 2005).

At the time of the events in question, Pennsylvania's statute of limitations for claims brought on behalf of minors was two years. Since then, the statute has been amended twice. In

---

[1] The discovery rule provides that "where the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitations period does not begin to run until the discovery of the injury is reasonably possible." *Dalrymple,* 549 Pa. at 223, 701 A.2d at 167.

2

1984, Pennsylvania adopted a tolling provision for minors, 42 Pa. Cons. Stat. Ann. § 5533(b), which tolls the statute of limitations until a minor plaintiff reaches the age of majority, effectively expanding it to allow minors to bring claims until they reach 20 years of age. But even under that expansion, Plaintiff's claim would already have expired by the time that amendment to the statute took effect. The statute of limitations was amended again in 2002, specifically extending it for claims of sexual abuse until a minor reached the age of 30, 42 Pa. Con. Stat. Ann. § 5533(b)(2)(i). Once again, by the time that this further amendment of the statute took effect, Plaintiff's claim would have expired.

In addition, Pennsylvania's appellate courts have declined to apply these amendments retroactively. *Dalrymple*, 701 A.2d at 166 n. 2–3; *Baselice*, 879 A.2d at 274 n.1. And even putting to one side potential issues of constitutionality, under the Pennsylvania Statutory Construction Act of 1972, 1 Pa. Cons. Stat. Ann. § 1926, "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." *See also* Judiciary and Judicial Procedures—Seal and Statute of Limitations—Sexual Offense, 2002 Pa. Legis. Serv. Act 2002-86 (S.B. 212) (stating in Section 3 that "[t]he amendment of 42 Pa. [Cons. Stat. Ann.] § 5533(b) shall not be applied to revive an action which has been barred by an existing statute of limitations on the effective date of this act.").

As to Plaintiff's federal claims, the statute of limitations is also two years, *Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998), which he does not dispute.

Faced with this daunting precedent, Plaintiff does not pursue any argument under Pennsylvania's discovery rule, and conceded in his responses that the two-year statute of limitations has in fact expired. *See* Pl.'s Resp. Brs., ECF Nos. 20, 21.

3

Instead, he invokes an independent equitable doctrine: fraudulent concealment. In response to the pending motions, Plaintiff identifies four circumstances he contends should toll the statute of limitations because they amount to fraudulent concealment:

1. He alleges that he first reported sexual abuse by a "Father Dominic" to his Spanish teacher, "Brother Peter," who smacked him and told him—"do not ever say that again." Am. Compl. ¶¶ 37, 44, 46.

2. He further alleges that he also reported the sexual abuse by "Father Dominic" to "Brother Kilpatrick." *Id.* Plaintiff cannot recall a response and believes it could be the result of a "repressed memory" of the conversation. *Id.* ¶ 47.

3. He further alleges that "[h]e was told [by his alleged abuser, Father Dominic] that he would never see his family or siblings again if he did not comply with the sexual demands forced on him, and that he worked for God and God would take away his family if he did not comply." *Id.* ¶¶ 108.

4. Finally, he alleges that in April 2014, the Archdiocese of Philadelphia made a commitment to fund weekly individual counseling sessions for him through its Victim Assistance Program. *Id.* ¶ 64–65.

With respect to the first three situations, Pennsylvania appellate courts have considered similar facts, and held that such conduct did not constitute fraudulent concealment. For example, in *Aquilino*, 884 A.2d at 1279, it was alleged that "[the priest] told him that [the priest's] actions were sanctioned by God . . . and made assertions about the Archdiocese's knowledge of, and concealment of, the problem of sexual abuse among the clergy." The Superior Court deemed these allegations insufficient to toll the statute. In *E.J.M. v. Archdiocese of Philadelphia*, 622 A.2d 1388, 1395 (Pa. Super. 1993), a priest's assurances that the physical acts being performed

on appellant by a priest "were necessary for his spiritual development" were deemed insufficient to constitute fraudulent concealment. And in *Meehan*, 870 A.2d at 923, the priest's representation that the abuse was "sanctioned by God" did not qualify as concealment.

In *Meehan*, the Court stated that in order to demonstrate concealment, the plaintiff must show that the defendant "affirmatively and independently acted in response to the plaintiffs' inquiries so as to mislead the plaintiffs into foregoing their suits." *Id.* at 922. Here, assuming as I must that such statements were made, they could certainly be interpreted as attempts to intimidate Plaintiff from pursuing his allegations, but they would not have prevented him from knowing that he was the victim of assault,[2] nor could they be construed as efforts to conceal information necessary for Plaintiff's claim, such as the identity, history, and whereabouts of his alleged abuser.

As to the offer of counseling sessions by the Archdiocese in the Spring of 2014, I am unable to see its relevance, both because any potentially applicable statute of limitations would have long since expired, and in any event such an offer would not constitute concealment.

Plaintiff has not raised any separate arguments with respect to his federal civil rights claims.

In conclusion, Plaintiff has failed to provide a legal basis on which to excuse his failure to comply with the governing statute of limitations, with the result that I am constrained to dismiss his action.

                /s/ Gerald Austin McHugh
                United States District Judge

---

[2] A non-precedential decision from the Court of Appeals reached a similar result. *Hartz v. Diocese of Greensberg*, 94 Fed. App'x. 52, 55 (3d Cir. 2004).